THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN BONDS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C18-0131-JCC

ORDER

This matter comes before the Court on the Government's unopposed motion to seal (Dkt. No. 6). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

Petitioner was convicted of two counts each of sex trafficking with a juvenile and transportation of a minor with intent to engage in criminal sexual activity. *See United States v. Bonds*, Case No. CR14-0074-JCC, Dkt. No. 154 (W.D. Wash. 2015). Petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255. (Dkt. No. 1.) He alleges that trial counsel was ineffective in failing to impeach testifying victims with prior inconsistent statements, that the Court engaged in improper *ex parte* communications with the jury prior to rendering a verdict, and that appellate counsel was ineffective in not raising on appeal the judicial impropriety issue or an allegation that a juror misunderstood the Court's jury instruction regarding verdict unanimity. (*Id*. at 5–21.) The Government has responded to Petitioner's section

2255 motion, but did so under seal. (Dkt. No. 7.) The Government moves to maintain its response and related exhibits under seal. (Dkt. No. 6.) Petitioner has not filed an objection to the Government's motion to seal.

"[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A document filed under seal may be maintained under seal only if a party demonstrates compelling reasons. *Ctr. for Auto Safety v. Chrysler Grp.*, *LLC,* 809 F.3d 1092, 1096–97 (9th Cir. 2016). Further, "only in rare circumstances" may a party file an opposition brief under seal. W.D. Wash. Local Civ. R. 5(g)(5).

The Government filed its response brief and all of the related exhibits under seal. (*See generally* Dkt. No. 7.) The Government alleges these documents contain "sensitive information." (Dkt. No. 6 at 2.) While the Court agrees that the Government's response brief contains sensitive information, a publicly-filed redacted version of the response brief should be filed. *See* W.D. Wash. Local Civ. R. 5(g)(5). In addition, the Government's motion to seal contains no legal argument or facts supporting its assertion that the exhibits to the response contain sensitive information. (*See generally* Dkt. No. 7.) Nor, upon review, does the Court find that all of those exhibits contain sensitive information. Specifically, it does not appear that the trial transcript excerpts (Dkt. Nos. 7-2, 7-3, 7-4), the Court's previous order on Petitioner's motion for reconsideration (Dkt. No. 7-6), or the affidavits from former counsel (Dkt. Nos. 7-7, 7-8) contain sensitive information. Therefore, those exhibits should not be maintained under seal.

Accordingly, the Government's motion to seal (Dkt. No. 6) is GRANTED in part and DENIED in part. The Court DIRECTS the Government to publicly file a redacted version of its response consistent with Local Rule 5(g)(5) within fourteen (14) days of this order. Further, if the Government wishes the Court to maintain under seal any of the exhibits referenced above that do not appear to contain sensitive information (Dkt. Nos. 7-2, 7-3, 7-4, 7-6, 7-7, 7-8), the Government must file supplemental briefing not to exceed four (4) pages explaining why those

exhibits should remain under seal. Any such response shall be filed within fourteen (14) days of this order. If no timely response is received, the Clerk is DIRECTED to unseal docket entries 7-2, 7-3, 7-4, 7-6, 7-7, and 7-8.

DATED this 5th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE