UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN BONDS, | CASE NO. C18-0131-JCC |
| Petitioner, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner's former counsel's motion for a declaration that Petitioner waived his attorney-client privilege and work-product protections and for a protective order (Dkt. No. 8). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1.) As a basis for relief, Petitioner alleged ineffective assistance of his counsel, Timothy Lohraff. (Dkt. No. 1 at 7–10.) By making this allegation, Mr. Lohraff argues that Petitioner waived his attorney-client privilege and work-product protections for the purpose of litigating the merits of Petitioner's motion and, as a result, Mr. Lohraff may disclose certain communications and information to the Government to assist it in responding to Petitioner's motion. (Dkt. No. 8 at 2–4.) Mr. Lohraff seeks a declaration from the Court and a protective order. (*See generally* Dkt. No. 8.) Petitioner does not oppose Mr. Lohroff's motion. Accordingly,

the Court hereby FINDS as follows:

1. Petitioner has waived the attorney-client privilege and work-product protections with regard to documents, communications, lack of communications, information, and materials, related to a juror declaration obtained by a defense investigator regarding jury deliberations in Petitioner's November 2014 trial and an unrecorded communication between the Court and the jury in Petitioner's trial after jury deliberations had begun. *See Bittaker v. Woodford*, 331 F.3d 715, 716–17, 722 n.6 (9th Cir. 2003).

2. Any communications between Mr. Lohraff and Petitioner, and any information about those communications, including documents and/or conversations, regarding the issue described above and whether to raise the issue in Petitioner's trial brief and/or Ninth Circuit opening brief are not subject to the attorney-client privilege and work-product protections.

For the reasons described above, the Court hereby ORDERS as follows:

1. Mr. Lohraff may speak to the Government about the issues described above and may provide an affidavit and/or testify at a hearing before this Court regarding these issues.

2. Petitioner's waiver, as described above, applies only to evidence, communications, or testimony provided pursuant to this order and it shall be used solely for the purpose of litigating Petitioner's current § 2255 Motion (Dkt. No. 1). Such evidence, communications, or testimony shall not be admissible against Petitioner in any other proceeding.

3. This order shall remain in effect after the Court has ruled on Petitioner's § 2255 motion.

4. Both parties may apply for modification of this order.

DATED this 5th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE